UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------
ROBERT ROLLO,

              Plaintiff,

      -against-

GEORGE P. ESCOBEDO, *et al*,

              Defendants.
------------------------------------------------

16cv6923

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Robert Rollo brings this legal malpractice action against Defendants George P. Escobedo and Carabin & Shaw, P.C. ("Carabin Shaw"). Escobedo and Carabin Shaw move separately to dismiss the complaint for lack of personal jurisdiction.[1] For the reasons that follow, Defendants motions are granted.

## BACKGROUND

        In January 2005, Rollo, a citizen of Scotland, suffered a foot injury while doing construction work for a Texas-based defense contractor at Al Assad, a United States defense base in Iraq. (Compl. ¶ 7.) Because of that injury, Rollo was unable to work and sought compensation under the Defense Base Act, which incorporates the provisions of the Longshore and Harbor Workers Compensation Act. (Compl. ¶ 7.)

        Seeking representation for his claim, Rollo contacted the Texas law firm, Carabin Shaw, who referred him to Escobedo. (January 30, 2017 Affidavit of Rollo ("Rollo Aff."), ECF

---

[1] On September 9, 2016, this Court ordered Plaintiff to show cause why this action should not be transferred to the Western District of Texas under 28 U.S.C. § 1404(a). (ECF No. 13.) Plaintiff responded on October 14, 2016. (ECF Nos. 20–22.) Subsequently, Defendants filed pre-motion letters indicating their intention to move to dismiss, have the action transferred, or to compel arbitration. (ECF Nos. 24–25.) Defendants now move only to dismiss.

1

No. 50, ¶ 4.)  Escobedo is a life-long resident of Texas and only admitted to practice there.  (January 3, 2017 Affidavit of Escobedo ("Escobedo Aff."), ECF No. 38, ¶¶ 12, 13.)  In May 2006, Rollo retained Escobedo to represent him for his claims.  (Rollo Aff., ¶ 5; Compl. ¶ 8.)

In March 2011, a dispute arose between Rollo and the contractor relating to the nature and extent of his benefits.  (Compl., Ex. A at 38.)  In September 2013, the parties elected to submit that dispute to mediation, which proceeded in Edinburgh, Scotland.  (Compl. ¶ 10.)  Following those proceedings, the parties reached a settlement, which was executed in October 2013.  (Compl. ¶ 10.)

Under the Defense Base Act, settlements of compensation claims must be submitted to a district director for approval.  When the parties are represented by counsel, the settlement "agreement[ is] deemed approved unless specifically disapproved" by the United States Department of Labor District Director for the applicable district or an administrative law judge.  33 U.S.C. § 908(i)(1); 20 C.F.R. § 702.105; 20 C.F.R. § 702.243.  The District Director assigned to matters involving injuries in Iraq is the Director for District No. 2, which is located in New York City.  20 C.F.R. § 704.101.  In November 2013, the parties jointly submitted the settlement agreement to the District Director, who signed it.  (Compl. ¶ 11; Compl. Ex. B.)

Nearly three years after the approval of that settlement, Rollo filed this action, claiming that Escobedo failed to adequately represent him during the mediation and settlement process.  In particular, he claims that Escobedo was unprepared for the mediation (Compl. ¶ 12), and that, although Rollo signed the settlement agreement, Escobedo never explained the terms of the agreement to him (Compl. ¶ 10).

**LEGAL STANDARD**

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes motions to dismiss for lack of personal jurisdiction over a defendant. On such a motion, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. See Bank Brussels Lamberts v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779 (2d Cir. 1999). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 167–68 (2d Cir. 2015) (quoting Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 167 (2d Cir. 2013)). The prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." In re Terrorist Attacks on September 11, 2011, 714 F.3d 659, 673 (2d Cir. 2013) (quoting Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks omitted)).

"[I]n deciding a pretrial motion to dismiss for lack of jurisdiction a district court has considerable procedural leeway and it may determine the motion on the basis of . . . affidavits alone." Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84 (2d Cir. 2013) (citation omitted). "Where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (citation omitted).

**DISCUSSION**

"District courts resolving issues of personal jurisdiction must . . . determine whether there is jurisdiction over the defendant under the relevant forum state's laws" and "whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." Bank Brussels Lamberts, 171 F.3d at 784; Chassman v. Bezzabeh, No. 15-CV-4869 (GHW), 2016 WL 7174669, at *2 (S.D.N.Y. Dec. 7, 2016). Here, New York's long-arm

statute authorizes, in pertinent part, specific jurisdiction over non-domiciliaries who, in person or through an agent "transact[] any business within the state or contracts anywhere to supply goods or services in the state." N.Y. CPLR § 302(a)(1).[2] Rollo contends this Court may exercise personal jurisdiction over Escobedo pursuant to this provision, which should be imputed to Carrabin Shaw due to its apparent authority over Rollo.

Under New York law, "jurisdiction is proper even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Al Rushaid v. Pictet & Cie, 28 N.Y.3d 316, 323 (N.Y. 2016). "Purposeful activities are those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Al Rushaid, 28 N.Y.3d at 323.

"Determining purposeful availment is an objective inquiry, which always requires a court to closely examine the defendant's contacts for their quality." Al Rushaid, 28 N.Y.3d at 323. "[I]t is the nature and quality, [] not the amount of New York contacts which must be considered by the court." Bissonnette v. Podlaski, 138 F. Supp. 3d 616, 622 (S.D.N.Y. 2015). Indeed, a single transaction may be "sufficient to give rise to jurisdiction under CPLR § 302(a)(1), even where the defendant never enters the state, if the claim arises out of the transaction." Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 564 (S.D.N.Y. 2000).

However, "[r]andom, fortuitous, or attenuated contacts [are not] sufficient" to establish jurisdiction. Hill v. HSBC Bank plc, No. 14-CV-09745 (LTS), 2016 WL 4926199, at *3 (S.D.N.Y. Sept. 15, 2016). Similarly, contacts "of minor or accidental importance" are also

---

[2] Rollo also argues for jurisdiction pursuant to CPLR § 302(a)(2). But "a defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2)." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 790 (2d Cir. 1999). Because Escobedo was never physically present in New York, § 302(a)(2) is inapplicable.

4

not enough.  Galgay v. Bulletin Co., 504 F.2d 1062, 1065 (2d Cir. 1974).  For instance, in Hill, plaintiffs "alleged that Foreign Defendants communicated with and transmitted information and funds to and from [parties] located in New York, in connection with their fund administration and/or custodial duties under agreements negotiated with" those parties.  2016 WL 4926199, at *4.  Nevertheless, that court held those "communications and payments were incidental consequences of fulfilling a foreign contract and are insufficient to 'project' the Foreign Defendants into New York."  2016 WL 4926199, at *4; see also Beatie & Osborn LLP v. Patriot Sci. Corp., 431 F. Supp. 2d 367, 388 (S.D.N.Y. 2006) (finding personal jurisdiction lacking where "the clear majority of the performance under the Retainer Agreement occurred in California" despite three actions originally being filed in New York); E-Z Bowz, L.L.C. v. Prof'l Prod. Research Co., No. 00-CV-8670 (LTS), 2003 WL 22064259, at *8 (S.D.N.Y. Sept. 5, 2003) (dismissing counterclaim for lack of personal jurisdiction notwithstanding the fact that counterclaim defendant's appeared in New York pro hac vice); Lombardi v. Paige, No. 00–CV–2605 (RCC), 2001 WL 303831, at *4 (S.D.N.Y. Mar. 28, 2001) (finding no jurisdiction where defendant "made a few, sporadic efforts to collect information [in New York] in furtherance of Plaintiffs' claims . . . [but] did nothing else.  She did not solicit business in New York, she is not licensed in New York and, as Plaintiffs are well aware, she did not file a lawsuit in New York.").

Here, a Scottish citizen retained a Texas attorney to represent him in Scotland for injuries that occurred in Iraq.  The only argument for establishing jurisdiction rests on the requirement for formal approval by the Department of Labor District Director, who happened to be located in New York.  But, throughout his engagement, Escobedo performed all legal work in Texas and Scotland.  In fact, the entirety of the acts undergirding Rollo's malpractice claim—mediation, negotiation, and signing of the settlement agreement—occurred outside of New York.

5

(Escobedo Aff., ¶ 15.)  The purely perfunctory filing of the settlement agreement with the District Director—which was deemed approved by default—is the only act alleged to have occurred within this district and was incidental to Escobedo's representation of Rollo abroad.

Nevertheless, Rollo argues that jurisdiction is appropriate because any appeal from the Director's determination would have been heard by the Second Circuit.  See Serv. Employees Int'l, Inc. v. Dir., Office of Workers Comp. Program, 595 F.3d 447, 451 (2d Cir. 2010).  But no appeal was taken to the Second Circuit and personal jurisdiction is not based on hypothetical contacts.  Additionally, Rollo analogizes the filing of the settlement agreement to a non-New York attorney instituting an action via ECF and obtaining a court-approved settlement order without physically appearing in New York.  However, Rollo's analogy misses the mark: in that situation, the attorney chose to, and did, litigate in New York.  A more apt analogy is a scenario in which an individual must mail his tax return to an out-of-state tax center.  Such administrative tasks are too tenuous to rise to the "the nature and quality" sufficient to subject someone to jurisdiction.  Accordingly, this Court lacks jurisdiction over Escobedo.

Finally, because this Court lacks jurisdiction over Escobedo, jurisdiction cannot be imputed to Carabin Shaw and the agency theory of personal jurisdiction necessarily fails.

## **CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss are granted and the Complaint is dismissed without prejudice to refiling in a court where personal jurisdiction exists. The Clerk of Court is directed to terminate all pending motions and mark this case as closed.

Dated: June 15, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.